UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
     v.                      )      No.  10 CR 156
                             )
DEBORAH AHMAD BEY,           )
                             )
          Defendant.         )

## MEMORANDUM OPINION AND ORDER

This criminal case was reassigned to this Court's calendar last month from that of its good friend and colleague Honorable William Hibbler, just a few days before Judge Hibbler's untimely death. At that time the case had been scheduled to go to trial in late April 2012, and it appeared most unlikely that Judge Hibbler would be in a position to conduct the scheduled trial (hence the need for the reassignment). For present purposes there is no need to discuss all of the developments that have taken place during the short time span that the case has been before this Court, although one aspect other than the motion to dismiss dealt with in this opinion bears mention later.

Because it appears that Judge Hibbler did not resolve all of the myriad motions that had been launched by pro se defendant Deborah Ahmad Bey ("Ahmad Bey"), some further digging into the voluminous docket (which has fully 99 entries at this point) is needed to see just which matters still remain undecided. But in

any event, at the last status hearing on March 29 (the first such hearing having been held just a week earlier) Ahmad Bey urged that this Court address her most recent motion, captioned "Challenged Jurisdiction of Federal District Court" (Dkt. 95), the Judge's Copy of which was delivered to this Court's chambers on March 21, 2012 (just after Judge Hibbler's death). This memorandum opinion and order therefore turns to that subject.

Nothing is to be gained by criticizing any nonlawyer such as Ahmad Bey for an entirely understandable inability to master all of the intricacies that are typically presented by complex legal concepts, and this Court will not do so here. Suffice it to say that Ahmad Bey's purported jurisdictional argument reflects a classic misconception of the requirements that must be met by a criminal indictment. Quite apart from other flaws in Ahmad Bey's pro se submission, it is simply wrong for her to assert that this "federal court is without jurisdiction of the offense" (Motion at 6) because "the government failed to allege the criminal activity took place on land where the jurisdiction over the land had been ceded to the Federal Government from the state by state legislature and accepted by the United States pursuant to Title 40 USCA Section 255" (id).

What Ahmad Bey has sought to cobble together through snippets drawn from several sources plainly poses no serious challenge to jurisdiction. What she has argued is akin to the

position advanced a generation ago by the tax protestors who claimed that wages and salaries were not income because the Internal Revenue Code did not take account of any "depreciation" of -- that is, of the wear and tear on -- the human beings who rendered the services that brought in those earnings. Both that position and Ahmad Bey's contention were obviously authored by others and struck a responsive chord in persons such as the protestors and Ahmad Bey -- and both were and are legally frivolous.

In short, Ahmad Bey's motion must be and is denied. Moreover, in an important sense her most recent submission -- a March 28 filing that she captions "Counter_Claim_Affidavit" (Dkt. 99) -- both underscores the fallacious predicate for her jurisdictional motion and bears as well on the concern that this Court expressed at the most recent status hearing on March 29.[1]

Because no effort to summarize or characterize that most recent filing could adequately convey its outre flavor or substance, a photocopy is attached to this opinion. It calls to mind the caption that the New Yorker magazine sometimes attached in years past to brief fillers of a bizarre nature, inserted when a major article ended in mid-column and such a brief insert would

---

[1] At the time of the March 29 hearing this Court had not had the opportunity to read and consider Ahmad Bey's March 28 filing.

3

conveniently fill the space. In that situation the editors were prone to label those inserts "Department of Clotted Nonsense."

In this instance Ahmad Bey's submission has reinforced this Court's concern, expressed during the March 29 status hearing, as to her possible incompetence to stand trial. This Court does not of course venture anything that would remotely approach a claimed professional opinion in such an area in which it is not a professional, but the developments at that most recent status hearing that triggered this Court's expression of concern in that regard (concerns that normally call for resolution pursuant to 18 U.S.C. §§ 4241 et seq.) are certainly not allayed by this most recent filing. That subject will be pursued further at the previously-scheduled April 5, 2012 status hearing, at which time the parties will also be expected to apprise this Court of any still-pending motions that need resolution (meanwhile time continues to be excluded for speedy trial purposes under both 18 U.S.C. §§ 3161(h)(1)(D) and 3161(h)(7)(A) and (b)(ii)).

                                                       _____
                                                       Milton I. Shadur
                                                       Senior United States District Judge

Date: April 2, 2012

# [:COUNTER_CLAIM_AFFIDAVIT:]

Vessel [:Deborah Ahmad Bey:] person has been presently conveyed by quit claim deed and made private by the power and authority of [:Holy-Prophet-Noble-Drew-Ali:] Free Holder in Fee Simple Absolute, Creditor and holder in due course of all Negotiable Instruments that held colorable claim and title to vessel [:Deborah Ahmad Bey:] ht. 5'2 wt. 180 lbs eyes brown, Hair Black, Sex. F the Holy Prophet Noble Drew has redeemed this vessel [:Deborah Ahmad Bey:] and accept all CHARGES FOR value I the Prophet acknowledge the fact COOK COUNTY AND THE STATE OF ILLINOIS of old ENGLAND has file claims to the body presently known as Deborah Ahmad Bey with the EDGAR FILING COMPANY under file numbers 04CR950-1 and 10CR0156 and under FORM 4 STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP WITH THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION the Moorish Court for Divine Justice charges the UNITED STATES DISTRICT COURT with involuntary slavery this violates the 13th Amendment and u.s.c. title 18 part 1 chapter 13 subsection 247, Watson vs. Jones UNITED STATES SUPREME COURT DECISION 1872 and the Morocco Treaty and Friendship of 1787, 1836 and 1986 and 1928 Havanna Convention on consular agents. The Holy Prophet Noble Drew Ali has file a [:counter-claim:] to the body and vessel in the Cook County Recorder of Deeds in December 2009 the Prophet Noble Drew Ali status as Freeholder in fee simple absolute and of the creditor land described in chapter 47 in the Holy Koran Circle 7 which is the land mandate given back to the Moors in 1928 in Havanna Cuba at the Pan American Conference this truth proves the [:Holy-Prophet-Noble-Drew-Ali:] presently hold true title to all properties in any and all form within the [:North-West-Amexem-Territory:] known to you as North America. [:ALLAH:] has vested all infallible power and authority to [:Holy-Prophet-Noble-Drew-Ali:] according to the Moorish Charter Form 1099 warrant and dispensation Supersede any authority on the known planet the Holy Prophet Drew Ali has redeem [:Deborah Ahmad Bey:] PERSON and bring CLOSURE to the ACCOUNT 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 and by making a CLAIM to the PERSON adhesion contract CUSIP#354589836 that gives a LEGAL DESCRIPTION of the said property that has been conveyed over to [:Holy-Prophet-Noble-Drew-Ali:] Grantee: MOORISH SCIENCE TEMPLE DIVINE AND NATIONAL MOVEMENT INC. NO. 11. According to H.J.R. 192, 1933 and the BUCK ACT under the FEDERAL BANKRUPTCY 1930 under that jurisdiction there are no criminal charges only civil.

According to Watson vs. Jones the trial of society 1872 UNITED STATES SUPREME COURT DECISION rule no civil or circuit court has no claims or jurisdiction in relation to religious property. I Marcel A. Walton-El Grand Sheik and Diplomat for the Holy Prophet Noble Drew Ali have all right to recover the said property and make it whole and POST SETTLEMENT AND CLOSURE OF THE ACCOUNTS AND DISCHARGE THE DEBT.

By: *Deborah Ahmad Bey*
AFFIANT

_____ subscribed and sworn before me.
ALL RIGHTS RESERVED WITH PREJUDICE
U.C.C. 1-103/1-308

Notary public.   *[signature]*   3-14-12

OFFICIAL SEAL
MICHAEL A. WRIGHT
Notary Public - State of Illinois
My Commission Expires Dec 15, 2014