```
                    UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION
```

UNITED STATES OF AMERICA,   )
                            )
            Plaintiff,      )
                            )
        v.                  )    No.  10 CR 156
                            )
DEBORAH AHMAD BEY,          )
                            )
            Defendant.      )

## MEMORANDUM OPINION AND ORDER

This criminal case has been before this Court for several months (ever since the untimely death of its esteemed colleague Honorable William Hibbler). During that period this Court has devoted extensive time to the case, addressing all of the numerous issues posed by the parties. Yet up to now neither the government nor defendant Deborah Ahmad Bey ("Ahmad Bey"), who is actively pursuing the defense of her case pro se with the standby assistance of attorney Michael Falconer, has seen fit to alert this Court to the fact that an undecided motion has been lying fallow for many months before this Court even entered the picture.

Now Ahmad Bey has written a letter to this Court on the subject, and it has retrieved Ahmad Bey's Dkt. 42 motion--filed on April 6, 2011 (when the case was still assigned to Honorable Virginia Kendall, even before its reassignment to Judge Hibbler)--as well as the government's May 19, 2011 response (Dkt.

56) and its supplement to that response filed October 6, 2011 (Dkt. 87).  This Court hastens to address the matter.

Ahmad Bey seeks to dismiss the indictment based on her assertions that the government made use of what she labels as "confidential communications" with her probation officer, with a Chicago Police Department ("CPD") supervisor (she herself had been a CPD officer until she was terminated in 2006) and with her one-time appellate counsel, all of which assertedly violated her Fifth and Fourth Amendment rights.  At the outset the government correctly points out that Ahmad Bey's motion is really one for the suppression of evidence of those communications rather than for dismissal of the indictment (nothing in what she has advanced attacks the validity of the indictment as such).  But her constitutional challenges still remain, and this memorandum opinion and order turns to those.

As for United States Probation Officer Brian Driver ("Driver"), his anticipated testimony is that on December 5, 2008 he left a voicemail message on Ahmad Bey's cell phone encouraging her to surrender to the Bureau of Prisons as she had been ordered to do.  Driver's further next expected testimony is that Ahmad Bey telephoned him on January 7, 2009, and he then told her that a warrant had been issued for her arrest for her failure to surrender to serve her sentence.  Ahmad Bey then assertedly denied knowledge that a warrant had been issued, and she refused

to turn herself in, telling Driver that she would be communicating with an attorney and stating that "they can come get me." Ahmad Bey assertedly then denied receiving Driver's voicemail message referred to earlier, adding that she still lived at the same address and spent time at her mother's house as well. Finally, Ahmad Bey assertedly said that her daughter was in the hospital due to a serious car accident that had left her with a broken jaw and pelvis, adding that her daughter's situation would be her focus until she was "picked up."

There is no question that a criminal defendant's conversations with his or her probation officer may potentially implicate Fifth Amendment considerations (<u>Minnesota v. Murphy</u>, 465 U.S. 420, 426-28 (1984)). In that respect the First Circuit's per curiam opinion in <u>United States v. Davis</u>, 242 F.3d 49, 51 (1st Cir. 2001) has faithfully cited and quoted that Supreme Court opinion to confirm when and how that potentiality may be transformed into actuality:

> The Fifth Amendment privilege against compelled self-incrimination applies in the context of interviews with probation officers. <u>See</u> <u>Minnesota v. Murphy</u>, 465 U.S. 420, 426, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984). However, "the general obligation to appear and answer questions truthfully" does not amount to compulsion. <u>Id</u>. at 427, 104 S.Ct. 1136. The answers are "compelled" only if "the witness is required to answer over his valid claim of the privilege." <u>Id</u>.

Not a word in Ahmad Bey's motion (Dkt. 42) even hints at, let alone states, that she ever asserted any privilege (either

3

under the Fifth Amendment or otherwise) during her conversation with the probation officer, nor can such an assertion even arguably be implied from any aspect of her motion. Indeed, more than a year has elapsed since the government filed its response invoking the caselaw cited and quoted here, and Ahmad Bey (who during this Court's handling of her case has never been diffident about advancing assertions and positions, including frivolous ones) has continued a deafening silence in that respect.

So Ahmad Bey's first contention fails, and any effort on her part to obtain dismissal of the indictment or the suppression of the probation officer's testimony is denied. This opinion moves on to her second contention.

In that respect Chicago Police Department Internal Affairs Division Sergeant Thomas Chester is expected to testify that on April 7, 2009 he spoke on the telephone with Ahmad Bey. At that time he told her that there was a warrant for her arrest and that she needed to take care of it. In response Ahmad Bey denied knowledge that a warrant had been issued (note that this was four months <u>after</u> her conversation with probation officer Driver, during which Driver had expressly told her of the issuance of the warrant) and said that she would communicate with her lawyer and figure out how to handle it. Chester told Ahmad Bey that he would pick her up, but Ahmad Bey responded "no, thank you," said again that she would handle it and hung up.

4

Again Ahmad Bey urges a violation of her Fifth Amendment rights, citing Garrity v. New Jersey, 385 U.S. 616 (1967). But that case, which involved police officers who were being investigated and were given a choice either to incriminate themselves or to forfeit their jobs by refusing to testify on self-incrimination grounds, offers no solace to Ahmad Bey. For one thing, she was not a police officer whose job was in jeopardy when she spoke with Sergeant Chester. Although her motion suggests otherwise by saying she spoke to "CPD supervisor due to job status," that is totally misleading (not the first time that Ahmad Bey has strayed from the truth). In fact she had been terminated from the CPD three years earlier (back in 2006) as a result of her conviction for bankruptcy fraud (see the four documents confirming that, attached as a group exhibit).

Moreover, this opinion's recounting of the conversation as Sergeant Chester describes it involved no questioning of Ahmad Bey at all--and again she never asserted a Fifth Amendment privilege (nor does her motion say that she did). Instead the statements were totally voluntary.

In sum, Ahmad Bey's position on this second aspect of her motion is as empty as the first. Again any effort to dismiss the indictment or to suppress the testimony must be and is denied.

Finally, Ahmad Bey's argument as to "confidential communications involving one of her lawyers"--Federal Defender

5

Appellate attorney Kent Anderson--is different in nature. Attorney Anderson is expected to testify that back on October 3, 2008 he wrote a letter to Ahmad Bey that enclosed a copy of the District Court's October 2, 2008 minute order setting Ahmad Bey's surrender date at December 8, 2008.

There appears to be no decision by our Court of Appeals that has addressed the question whether an attorney-client privilege attaches to the communication from a lawyer to a defendant client as to any required dates for defendant to appear pursuant to court order.[1] But the government's May 2011 response to Ahmad Bey's motion now under consideration (as well as to other motions that she had filed) cites decisions from no fewer than seven other Courts of Appeals that uniformly reject the existence of a privilege under such circumstances. This Court can do no better than to quote from United States v. Kinsella, 545 F.Supp.2d 148, 155-56 (D. Me. 2008) on that score:

> To be clear, the Court agrees with the parties that Mr. Erickson may testify without violating the attorney-client privilege as to whether he informed Mr. Kinsella about the time and place of the arraignment. In failure to appear cases, although the First Circuit has not ruled directly on the point, courts have held that there is no attorney-client privilege applicable to the communication of trial dates. United States v. Gaulden, 95 Fed.Appx. 489, 490 (4th Cir. 2004); United States v. Gray, 876 F.2d 1411, 1415-16 (9th Cir. 1989); United States v. Innella, 821 F.2d 1566, 1567 (11th

---

[1] Because attorney Anderson's anticipated testimony involves no statement or communication by Ahmad Bey herself, no potential Fifth Amendment issue is posed by that testimony.

6

> Cir. 1987); United States v. Bourassa, 411 F.2d 69, 74
> (10th Cir. 1969).
>
> \* \* \*
>
> Information from a lawyer to a client to the effect
> that the client had to appear in court at a certain
> date and time is not confidential information within
> the meaning of the privilege.

So that final groundless contention by Ahmad Bey leads to the same destination--denial of her motion. Once more there will be no dismissal of the indictment, nor will the attorney's testimony be suppressed.

## **Conclusion**

Ahmad Bey's long-pending motion, just brought to this Court's attention, is denied in its entirety. This Court hopes that there are no other surprises out there that antedate its entry into the case--if there should be, it looks to the parties for the swift identification of any open issues.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 17, 2012

7

08 May 2006

PERSONNEL ORDER NO. 2006-049

Probationary Police Officer DEBORAH A. AHMAD-BEY, Employee #012991, assigned to Unit 044-Recruit Training, is hereby terminated from the Department of Police and from the services of the City of Chicago, effective close of business 12 April 2006.

This action is in compliance with Rule IX, Section 2 of the of the City of Chicago Personnel Rules and Regulations.

Philip J. Cline
Superintendent of Police

Authenticated: BW

DISTRIBUTION: A        Copy to be placed in the C.O. book and read at four (4) consecutive roll calls.

PERSONNEL ORDER NO. 2006-049

Opt-Out: +



**Richard M. Daley**
Mayor

**Department of Police • City of Chicago**
3510 S. Michigan Avenue • Chicago, Illinois 60653

**Philip J. Cline**
Superintendent of Police

03 May 2006

Dr. Thomas J. Jurkanian
Executive Director
Illinois Law Enforcement Training and Standards Board
600 South Second Street, Suite 300
Springfield, Illinois 62704-2542

Dear Dr. Jurkanin:

    Deborah A. Ahmad-Bey, ██████████ was appointed to the Chicago Police Department on 30 July 1990 as a Police Officer. On 12 April 2006, in the United States District Court for the Northern District of Illinois, Deborah A. Ahmad-Bey was found guilty of seven felony counts of Perjury under case number 4 CR 950.

    Pursuant to this conviction, Police Officer Deborah A. Ahmad-Bey, SSN ██████████, Chicago Police Department is decertified as required by Illinois law effective 12 April 2006. As a result of this decertification, Deborah A. Ahmed-Bey has been terminated as a Chicago Police Officer, effective 12 April 2006.

*[signature]*

Philip J. Cline
Superintendent of Police

attachments

---

Emergency: 9-1-1 • Non-Emergency: (Within City limits) 3-1-1 • Non-Emergency: (Outside City limits) 312-746-6000
TTY: 312-746-9715 • E-mail: police@ci.chi.il.us • Website: www.ci.chi.il.us/CAPS

Opt-Out: +



**Richard M. Daley**
Mayor

**Department of Police • City of Chicago**
3510 S. Michigan Avenue • Chicago, Illinois 60653

**Philip J. Cline**
Superintendent of Police

May 3, 2006

Jacqueline King, Commissioner
Department of Human Resources
121 North La Salle St.
Chicago, Illinois 60602

Dear Commissioner King:

    Police Officer Deborah A. Ahmad-Bey, employee # 012991, was appointed to the Chicago Police Department on July 30, 1990. Police Officer Ahmad-Bey has been found guilty of seveon felonies in the United States District Court for the Northern District of Illinois under case # 4 CR 950. Illinois State Law requires that to be a police officer one must be certified as a police officer pursuant to statute. The law also mandates that police officers who are convicted of any felony and specified misdemeanors are immediately decertified upon conviction as a matter of law.

    Deborah A. Ahmad-Bey, therefore, was decertified as a matter of law effective April 12, 2006, the date of her conviction. As such, Deborah A. Ahmad-Bey is terminated as a police officer effective at the point of decertification, close of business, April 12, 2006.

Philip J. Cline
Superintendent of Police

BLW:rrg06-04 decert ahmad-bey 2

Emergency: 9-1-1 • Non-Emergency: (Within City limits) 3-1-1 • Non-Emergency: (Outside City limits) 312-746-6000
TTY: 312-746-9715 • E-mail: police@ci.chi.il.us • Website: www.ci.chi.il.us/CAPS

Opt-Out: +



| Richard M. Daley | Department of Police • City of Chicago | Philip J. Cline |
|---|---|---|
| Mayor | 3510 S. Michigan Avenue • Chicago, Illinois 60653 | Superintendent of Police |

May 3, 2006

Deborah A. Ahmad-Bey  
8058 S. Sangamon  
Chicago, Illinois 60620

Ms. Ahmad-Bey:

  The Illinois Police Training Act requires police officers to be certified. The law further provides that when a police officer is convicted of a felony or specified misdemeanor, that police officer is immediately decertified as a matter of law. On 12 April 2006 you were convicted of seven felony counts in the United States District Court for the Northern District of Illinois, case number 4 CR 950. You were, therefore, decertified as a police officer immediately upon conviction.

  You are hereby notified that your employment as a Police Officer with the Department of Police is terminated, effective with your statutorily mandated decertification, at the close of business, 12 April 2006.

*Bradford L. Woods* (signature)

Bradford L. Woods  
Commander  
Personnel Division

Received:

Signature: _____     Date: _____

Witness: _____

BLW/rrg06-04 decert ahmad-bey 3

Emergency: 9-1-1 • Non-Emergency: (Within City limits) 3-1-1 • Non-Emergency: (Outside City limits) 312-746-6000  
TTY: 312-746-9715 • E-mail: police@ci.chi.il.us • Website: www.ci.chi.il.us/CAPS

Opt-Out: +