UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,   )
                            )
            Plaintiff,      )
                            )
       v.                   )   No. 10 CR 156
                            )
DEBORAH AHMAD BEY,          )
                            )
            Defendant.      )

**MEMORANDUM OPINION AND ORDER**

Pro se defendant Deborah Ahmad Bey ("Ahmad Bey") persists (for reasons best known to her) in pursuing her chosen and seemingly self-destructive path in this case, rather than considering any cost-free alternatives. Most recently she has advanced three trial-related motions in limine, to which this memorandum opinion and order now turns.

First she seeks to bar testimony of court-appointed counsel Kent V. Anderson, who represented her in the appeal of the two-year custodial sentence that resulted from her unsuccessful appeal of the three-month sentence originally imposed on her--an appeal that triggered a successful cross-appeal by the government on the basis that her original sentence was too light. Attorney Anderson is expected to testify that on October 3, 2008 he mailed a letter to Ahmad Bey, enclosing a copy of the October 2, 2008 minute order entered by the judge who then had Ahmad Bey's case, setting December 8, 2008 as her required surrender date. That

evidence is obviously relevant and material on the subject of Ahmad Bey's knowledge, which is of course a component of the proof of wilfulness that the government must bear.  No other communications between Ahmad Bey and attorney Anderson are proposed to be offered by the government.

As Ahmad Bey views the matter, attorney Anderson's anticipated testimony would violate the attorney-client privilege.  Although this Court has earlier rejected the same argument when Ahmad Bey first raised the issue, she has asked it to take a fresh look at the matter.

Even though our own Court of Appeals does not appear to have ruled on the attorney-client privilege issue in this context directly, no fewer than six other circuits have unanimously held that no attorney-client privilege attaches to the communication of information from a lawyer to a defendant client as to a required date for the client to appear pursuant to a court order. In that respect see also the opinion in <u>United States v. Kinsella</u>, 545 F.Supp.2d 148, 155-56 (D. Me. 2008), which discusses the issue, cites a number (though not all) of those appellate decisions and adheres to their holding.

Next, Ahmad Bey moves to bar the testimony of Probation Officer Brian Driver, this time seeking to invoke the provisions of this District Court's LCrR 32.3, which declares that records maintained by this District Court's Probation Department relating

to their supervisory responsibilities are confidential, subject to being released only upon court order based on a particularized need for specific information contained in those records. In this instance Driver's anticipated testimony is set out in paragraph 6 of the government's response to Ahmad Bey's motion in limine. That surely provides the required particularity called for by LCrR 32.3, for the government's paragraph 8 contends persuasively that Driver's testimony described in paragraph 6 is both relevant and highly material:

> Driver's testimony is the only direct evidence that within days of the surrender date Ahmad Bey knew that she was required to surrender and that a warrant had been issued for her arrest. Driver's testimony is the only direct evidence that Ahmad Bey lied to Chicago police officer Thomas Chester when she told him on April 7, 2009, that she did not know a warrant had been issued for her arrest for failing to surrender to serve her sentence. Driver's testimony is the strongest evidence the government has of Ahmad Bey's wilful failure to surrender to serve her sentence.

Finally, Ahmad Bey attempts to rewrite the indictment here by claiming that she was assertedly on supervised release under Chapter 227 of Title 18 when she was ordered to surrender for service of her post-remand two-year sentence. That contention by Ahmad Bey is simply wrong. When our Court of Appeals vacated Ahmad Bey's earlier sentence of three months in custody and three years' supervised release (<u>United States v. Ahmad Bey</u>, 244 Fed. App'x 57, 61 (7th Cir. 2007)), it vacated that earlier sentence in its entirety. At that point Ahmad Bey ceased to be at liberty

on a then nonexistent supervised release status.  This Court therefore rejects her effort to rewrite the indictment.[1]

### Conclusion

Each of Ahmad Bey's three motions in limine is denied for the reasons stated here.  And as a corollary to the third of those motions, the government's essentially mirror-image motion in limine is granted.

                                         _____
                                         Milton I. Shadur
                                         Senior United States District Judge

Date:  May 23, 2013

---

[1] That ruling also calls for granting the government's supplemental motion in limine that has sought to bar Ahmad Bey from testifying in support of her bogus argument of having been on supervised release at the critical time.  Hence that government motion is indeed granted.